IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESMOND GAMBLE, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. _____ |
| LAZER SPOT, INC. d/b/a Lazer Spot, | : |
| Defendant | : |

## COMPLAINT

Plaintiff Desmond Gamble ("Gamble") brings this Complaint against Defendant Lazer Spot, Inc. d/b/a Lazer Spot ("Lazer Spot") and shows this Court as follows:

## Introduction

1.

This is a wage and hour case. Lazer Spot provides "yard management services" to warehouse and distribution companies. It employed Gamble as a "driver" and then as a "leadman" at a General Mills facility in Covington, Georgia from October 28, 2019 through June 30, 2020 (hereinafter "the Relevant Time

Period"). Throughout his employment, Lazer Spot failed to pay Gamble an overtime premium for work he performed in excess of 40 hours during each work week.

**Jurisdiction and Venue**

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Lazer Spot is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

Gamble resides within DeKalb County, Georgia.

5.

Lazer Spot is a domestic for profit corporation organized under the laws of the State of Georgia.

6.

Lazer Spot is subject to the personal jurisdiction of this Court.

7.

Lazer Spot may be served with process through its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

**Enterprise Coverage under the FLSA**

8.

At all times during the Relevant Time Period, Lazer Spot was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Throughout the Relevant Time Period, two or more employees of Lazer Spot handled materials used by the company for its business purposes including, but not limited to, trucks, trailers, oil, gas, computers, and office supplies.

10.

Throughout 2019, Lazer Spot employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

11.

Throughout 2020, Lazer Spot employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

Throughout 2019, Lazer Spot employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or

produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

Throughout 2020, Lazer Spot employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

In 2019, Lazer Spot had an annual gross volume of sales made or business done of not less than $500,000.

15.

In 2020, Lazer Spot is projected to have an annual gross volume of sales made or business done of not less than $500,000.

16.

Throughout the Relevant Time Period, Lazer Spot had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Throughout the Relevant Time Period, Lazer Spot has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Throughout the Relevant Time Period, Gamble was "engaged in commerce" as an employee of Lazer Spot within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**Individual Coverage under the FLSA**

19.

At all times material to this action, Gamble was "engaged in commerce" as an employee of Lazer Spot within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**Employment Status**

20.

At all times during the Relevant Time Period, Gamble was an "employee" of Lazer Spot within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

21.

At all times during the Relevant Time Period, Lazer Spot was an "employer" of Gamble within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

**Non-Exempt Status**

22.

At all times during the Relevant Time Period, Lazer Spot compensated Gamble on an hourly basis.

23.

Throughout the Relevant Time Period, Gamble was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

24.

Throughout the Relevant Time Period, Lazer Spot did not employ Gamble in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

25.

Throughout the Relevant Time Period, Lazer Spot did not employ Gamble in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

26.

Throughout the Relevant Time Period, Lazer Spot did not employ Gamble in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

27.

Throughout the Relevant Time Period, Gamble did not possess a specialized degree or certification that he utilized to perform his duties on behalf of Lazer Spot.

28.

Throughout the Relevant Time Period, Gamble used his Class A Commercial Driver's License in the performance of his duties on behalf of Lazer Spot.

29.

Throughout the Relevant Time Period, Gamble did not travel on U.S. highways in the performance of his duties for Defendant.

30.

Throughout the Relevant Time Period, Lazer Spot did not employ Gamble in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

31.

Throughout the Relevant Time Period, Gamble did not supervise two or more employees on behalf of Lazer Spot.

32.

Throughout the Relevant Time Period, Gamble did not exercise independent judgment and discretion in making significant business decisions on behalf of Lazer Spot.

**Additional Factual Allegations**

33.

Throughout the Relevant Time Period, Lazer Spot has assigned Gamble to work at the General Mills warehouse located in Covington, Georgia.

34.

Lazer Spot employed Gamble as a driver from October 28, 2019 through March 2020.

35.

Lazer Spot employed Gamble as a "leadman" from approximately April 2020 through June 30, 2020.

36.

Gamble's primary duties consisted of moving trailers from the warehouse loading dock doors to designated locations in the warehouse's parking lot.

37.

Gamble was assigned some additional duties when his title was changed to leadman however, his primary duties remained the same.

38.

At all times relevant to this action, Gamble regularly worked 5 days during most work weeks.

39.

At all times relevant from October 28, 2019 through March 2020, Gamble regularly worked Tuesday through Sunday from 6:00 a.m. until 6:00 p.m.

40.

At all times relevant from approximately April 2020 through June 30, 2020, Gamble regularly worked night shift (known as "third shift") Tuesday through Sunday.

41.

During the Relevant Time Period, Gamble regularly worked at least 12 hours during each work shift.

42.

During the Relevant Time Period, Gamble regularly worked 60 hours during most, if not all work weeks.

43.

At all times during the Relevant Time Period, Lazer Spot paid Gamble on an hourly basis.

44.

At all times relevant from October 28, 2019 through approximately March 2020, Lazer Spot paid Gamble at an hourly rate of $19.00.

45.

At all times relevant from approximately April 2020 through June 30, 2020, Lazer Spot paid Gamble at an hourly rate of $19.50.

46.

At all times during the Relevant Time Period, Defendants compensated Gamble at his regular hourly rate (*i.e.,* at "straight pay") for all hours worked regardless of the number of hours he actually worked during each work week.

47.

At all times during the Relevant Time Period, Defendants failed to compensate Gamble at one-and-one-half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week.

48.

At all times during the Relevant Time Period, Defendants were aware of the actual hours that Gamble worked during each work week.

49.

At all times relevant to this action, Defendants knew or should have known that the FLSA applied to Gamble.

50.

At all times during the Relevant Time Period, Defendants knew or should have known that FLSA Section 7 required that Defendant compensate Gamble at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in each workweek.

## COUNT I–Failure to Pay Overtime

51.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

52.

Throughout the Relevant Time Period, Gamble has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

53.

Throughout the Relevant Time Period, Gamble regularly worked in excess of 40 hours each week.

54.

Throughout the Relevant Time Period, Defendants failed to compensate Gamble at one and one-half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. § 207.

55.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Gamble at one and one-half times his regular hourly rate for all hours he worked in excess of 40 hours during each work week within the meaning of FLSA § 55, 29 U.S.C. § 255.

56.

As a result of the underpayment of overtime compensation as alleged above, Gamble is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

As a result of the underpayment of overtime compensation as alleged above, Gamble is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

58.

As a result of the underpayment of overtime compensation as alleged above, Gamble is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Gamble respectfully prays:

1. That he be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA,
2. That he be awarded an additional equal amount as liquidated damages;

3. That he be awarded his costs of litigation, including his reasonable attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF